# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 11-362V
### (Not to be published)

RECEIVED
JAN 2 3 2014
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * * *

JENNA BEAR, parent of
MCKENZIE BEAR, a minor,

           Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES

           Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * *

Filed: January 23, 2014

Human Papillomavirus (HPV) Vaccine;
Rheumatologic Injuries; Failure to
Prosecute; Failure to Follow Court Orders;
Dismissal;

Jenna Bear, Pro-se Petitioner

Justine E. Daigneault, Washington, DC, for Respondent

## DECISION[1]

On June 8, 2011, petitioner Jenna Bear filed a petition on behalf of her minor child, Mckenzie Bear, seeking compensation under the National Vaccine Injury Compensation Program, (the "Vaccine Program" or the "Program").[2] Petitioner alleged that her child had

---

[1] Because this decision contains a reasoned explanation for my action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

suffered rheumatologic injuries as a result of receiving the Human Papillomavirus (HPV) vaccine, Gardasil, on June 24, 2008.

On March 8, 2013, petitioner's counsel was granted leave to withdraw as attorney of record and petitioner became a *pro se* litigant. Petitioner was subsequently ordered that same month to provide an opinion of a medical professional stating that the HPV vaccine was the cause of her child's injuries, and given 90 days to do so. Petitioner did not respond. Thereafter, on June 27, 2013, and based largely upon the concern that petitioner may not have received notice of the prior order, petitioner was provided an additional 90 days to file an expert report. Again petitioner did not respond. Then, on October 21, 2013, Special Master Hastings (who previously presided over this matter) issued an order requiring petitioner to show cause, within 30 days of the order, why her case should not be dismissed for failure to follow the orders being issued in the action. Petitioner was specifically warned that the failure to prosecute her claim would lead to the dismissal of the matter. As of the date of this decision, however, petitioner has still not responded to the court's October 21st order.

Vaccine Rule 21(b) empowers special masters to dismiss a petition for failure to prosecute or for failure to comply with the orders of the special master presiding over the matter. Special Master Hastings' October 21st order specifically warned petitioner of the risk attendant in failing to adhere to his prior orders. October 21, 2013 Order, citing *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996). Petitioner has failed not only to respond to the show cause order, but to provide the expert report – a critical component of the proof needed to establish her claim,[3] and the reason the show cause order was issued in the first place. It is therefore impossible to determine from the record the existence of any evidence that petitioner's child suffered an actionable injury, or that the alleged injuries were vaccine-caused. And the time to provide such evidence has now passed.

Accordingly, this case is dismissed for failure to prosecute. **The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master

---

42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) ("Vaccine Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] To receive compensation under the Program, a petitioner must prove either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations alleged to have been administered, or 2) an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Under the Vaccine Act, a special master cannot find a petitioner has proven her case by a preponderance of the evidence based upon "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." § 13(a).